STATE of Minnesota, Petitioner,

v.

**Ronald B. STARK, Respondent.**

No. C3–83–1383.

Supreme Court of Minnesota.

Feb. 22, 1985.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, J., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, Marcia Rowland, Carver Co. Atty., Andrew F. Resner, Asst. Co. Atty., Chaska, for petitioner.

Richard D. Genty, Genty & Eggert, P.A., Winsted, for respondent.

TODD, Justice.

Defendant was charged in county court with driving while under the influence of alcohol and driving with a blood alcohol content of .10 or more, Minn.Stat. § 169.-121, subd. 1(a) and (d) (1982). The jury found him guilty of driving while under the influence of alcohol but not guilty of driving with an alcohol content of .10 or more. The trial court sentenced defendant to 30 days in jail, fined him $500, and imposed a surcharge of $50, but stayed the jail term and half of the fine and surcharge. A district court appeal panel ruled that the trial court erred in its original instructions to the jury and in its answer to certain questions posed by the jurors after they began their deliberations. The panel held: "Therefore, the verdict of guilty on the charge of driving while under the influence of alcohol * * * is vacated, and jeopardy having attached, further prosecution is barred." We granted the State's petition for permission to appeal. Issues raised by the State are (1) whether the trial court erred in its instructions or in its response to the jurors' questions during deliberations, (2) whether any error was prejudicial, and (3) whether the appropriate remedy for prejudicial error in the instructions is outright reversal or simply a new trial. Holding that the trial court did not err in its instructions or in its response to the jurors' questions during deliberations, we reverse the appeal panel's decision and reinstate defendant's conviction.

Late on July 22, 1982, defendant was lawfully stopped after law enforcement officers observed defendant driving erratically. Observations made by the officers gave them probable cause to arrest defendant for driving while under the influence of alcohol. Defendant submitted to a breath test, which showed that he had a blood alcohol concentration of over .15.

Defendant called an expert at trial and attacked the accuracy of the breath test on a number of grounds, including the possibility that the machine may have been affected by the testing officer's portable radio. The expert apparently also testified that even though defendant had admitted drinking a total of 11 drinks during a long day of golf, defendant's true blood alcohol concentration at the time he was stopped could have been as low as .05 or .06.

In his closing argument, the prosecutor argued that defendant's erratic driving and

his physical symptoms justified a determination that he drove while under the influence. He also contended that the breath test reading was accurate and supported a determination that defendant drove while having a blood alcohol concentration of .10 or more. Defense counsel argued that the erratic driving was the result of defendant's adjusting his rear-view mirror and that defendant's physical symptoms were equally consistent with defendant's having played too much golf and with having had a beer or two shortly before leaving the golf club. Defense counsel also attacked the accuracy of the breathalyzer, arguing that the machine, not just defendant, was on trial.

Defense counsel tried to persuade the trial court to submit just one of the two charges, arguing that it violated Minn.Stat. § 609.04 (1982) to submit both charges. The trial court disagreed with defense counsel and submitted both offenses, giving the jury a total of four verdict forms, two per charge, and instructing the jury to sign one form per charge.

The district court appeal panel upheld the trial court's submission of both offenses. It concluded, however, that the trial court erred in its instructions on the elements of driving while under the influence of alcohol and erred in its response to the jurors' questions during deliberations. It gave no explanation for its conclusion that the trial court erred. It stated simply:

> After reviewing the authorities relied upon and having heard the arguments of counsel, this Appeal Panel is satisfied that the trial court erred in instructing the jury as to Count I [DWI/] and made improper statements after the jury returned from deliberations. Therefore, the verdict of guilty on the charge of driving while under the influence of alcohol * * * is vacated, and jeopardy having attached, further prosecution is barred.

1.a. The trial court instructed the jury on driving while under the influence of alcohol as follows:

> Now, with reference to the first count of the complaint which charges the defendant with driving the automobile at a time while he was under the influence of alcohol, there are two elements to that charge. Both of those elements must be proven to your satisfaction beyond a reasonable doubt before you can find the defendant guilty. The first element that must be proved is that at the time and place, the defendant did drive the motor vehicle. Now, the defendant has taken the stand and did testify that he was driving so you need not concern yourselves with that element. The second element of the first count of the complaint requires that the defendant be proven to be under the influence of alcohol at the time and place in question. Now, you're instructed that it is not unlawful to drink alcoholic beverages and then to drive a motor vehicle in the State of Minnesota. The prohibition is against driving while under the influence of alcohol. The expression "under the influence of alcohol" covers not only the well known and the easily recognized conditions and degrees of intoxication but any abnormal mental or physical condition which is a result of indulging to any degree in alcoholic beverages and which tends to deprive the person of that intellect and control which he would otherwise possess. A person who is even *to the slightest extent* under the influence of alcohol in the common and well understood language of that phrase is to some extent, less able, either mentally, physically, or both, to exercise clear judgment and steady hand necessary to handle the modern automobile. But not every person who has consumed a beverage containing alcohol and who controls a vehicle falls within the ban or the prohibition of the law. The person unaffected is one who consumes a beverage containing alcohol and is not thereby influenced in the operation of the vehicle. However, if the person's ability to drive or operate the automobile is lessened or impaired by the voluntary use of a beverage containing alcohol, then that person is under the influence of alcohol. So, with reference to the first count of driving while under

the influence, if you are satisfied beyond a reasonable doubt that the defendant was driving the automobile at the time and place in question, and that he was at the time under the influence of alcohol, then you should find him guilty of that charge. Now, if you are not so satisfied, then you should find him not guilty of the first count or charge of the complaint and acquit him of that charge.

(Emphasis supplied).

■ These instructions were identical to those which many, if not most, judges in Minnesota give for such a charge. *See e.g.,* H. Wolner, *Judicial Manual on Misdemeanors* V.03A (1974). In *Anderson v. State, Department of Public Safety,* 305 N.W.2d 786, 787 (Minn.1981), we stated:

Our cases have not focused on what is meant by the phrase "under the influence of alcohol." However, courts in other states having statutes of similar phraseology and purpose have generally interpreted the phrase to cover driving by a person who has drunk enough liquor so that his capacity to drive is impaired in some way. Annot., 142 A.L.R. 555 (1943), and supplements thereto. This is also the interpretation which many judges in Minnesota have relied upon in their instructions. *See, for example* H. Wolner, *Judicial Manual on Misdemeanors* V.03A. (1974). Without intending to fully define what conduct is covered by the phrase "driving while under the influence of alcohol," we merely conclude that it was meant to include the act of driving a motor vehicle while ability or *capacity to drive is impaired* by alcohol.

(Emphasis in original). The phrase "to the slightest extent" is misleading and could be misconstrued by a jury. It is preferable that the phrase "to some degree" be used. However, in this case, considering the instruction in its entirely and the facts before the jury, we conclude that defendant was not prejudiced.

(b) Defendant argued to the appeal panel that the trial court's responses to the jurors' questions were improper in that (i) the trial court did not repeat the elements of the original charges and did not remind the jurors of the presumption of innocence and the state's burden of proof beyond a reasonable doubt, and that (ii) the trial court improperly led the jurors to believe that they had to reach unanimous verdicts on both charges.

■ (i) It is possible that the jurors were confused as to the elements of the offense of driving while under the influence of alcohol. If so, the foreman did a poor job of explaining their confusion to the trial court. The trial court justifiably assumed that the jurors were confused about how to decide whether defendant was under the influence of alcohol. Responding to the question as the court perceived it, the court told the jurors that it was their decision, not that of the arresting officer, whether defendant was under the influence and that the jurors had to weigh all of the evidence and decide for themselves whether the state had proven beyond a reasonable doubt that defendant was under the influence of alcohol. While the trial court might have reinstructed the jurors on the elements, it cannot fairly be faulted for not doing so, given the wording of the foreman's questions.

■ (ii) The trial court's instructing the jurors that they had to return verdicts on both charges was not objectionable and did not have the effect of coercing a verdict. The court did not say that the jurors had no choice but to reach a verdict on each charge. Reading the trial court's response in its entirety, we believe the trial court was saying the jurors should try to reach a unanimous verdict on each charge and that if the jurors clearly felt they could not reach a unanimous verdict on both charges then they should let the bailiff know, the bailiff would bring the matter to the court's attention, and the court would deal with the problem at that time. This is not coercing a verdict.

■ 2–3. Since no error was committed, there is no need for us to decide whether any error would have been prejudicial. We

note, however, that if the trial court had prejudicially erred in instructing the jury or in responding to the jurors' questions, the appropriate remedy would not have been an outright reversal of the resulting conviction but a remand for a new trial.

Reversed.