VICKI LYNN COTTER, AKA VICKI LYNN SKELLY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 17280

June 25, 1987                                     738 P.2d 506

*Robert Lueck,* Las Vegas, for Appellant.

---

304

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Deputy District Attorney, and *Scott S. Mitchell,* Deputy District Attorney, *John Ham,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Vicki Lynn Cotter was convicted of two counts of felony driving under the influence of a controlled substance, NRS 484.3795, and sentenced to two consecutive three-year prison terms. Since prejudicial error resulted from an incorrect instruction to the jury, reversal and a new trial are mandated.

On January 28, 1983, Cotter was involved in an auto accident in which she and the two occupants of the other vehicle were injured. At the hospital, Cotter's blood was tested for alcohol and drugs. The tests revealed the presence of amobarbital, secobarbital and desmethyl-diazapam (the active ingredients in valium and tuinal), but no alcohol.

Cotter testified that at the time of the accident she was in a period of great distress. She had recently given birth and prematurely returned to her employment. Shortly thereafter, she and her husband divorced. Her doctor had prescribed tuinal, quaalude and valium to ease this stressful period in her life. Cotter admitted taking a tuinal tablet approximately eighteen hours before the accident.

Cotter maintains that the lower court erred by incorrectly

instructing the jury on the elements of the felony DUI offense,[1] and asserts that she was prejudiced by ineffective assistance of counsel. We are compelled to reverse based upon the first assignment of error.

Cotter contends that the offending instruction did not properly place every element of the offense before the trier of fact. We agree. The elements of felony DUI are specified in the statute:

> Any person who, while under the influence of intoxicating liquor or with 0.10 percent or more by weight of alcohol in his blood, or while under the influence of a controlled substance, or under the combined influence of intoxicating liquor and a controlled substance, or any person who inhales, ingests, applies or otherwise uses any chemical, poison or organic solvent, or any compound or combination of any of these, to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle, does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle on or off the highways of this state, if the act or neglect of duty proximately causes the death of, or substantial bodily harm to, any person other than himself, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 20 years and must be further punished by a fine of not less than $2,000 nor more than $5,000. . . .

The statutory construction urged by the State, and given as an instruction by the lower court, is that any person who drives a vehicle under the influence of a controlled substance, and while doing so, commits any act which causes death or substantial bodily harm, is guilty of a felony DUI. The plain reading and logical application of the statute suggests that more than this is required, one must be under the influence of the controlled substance "to a degree which renders him incapable of driving safely or exercising actual physical control of the vehicle."

The State suggests that the quoted phrase applies only to the preceding clause dealing with the ingestion of chemicals, poisons or organic solvents. Such an interpretation creates anomalous prospects. It would make felons of drivers on lawfully prescribed

---

[1]The instructions at issue are as follows:

Instruction Number 4: Any person who drives a vehicle while under the influence of controlled substance, and does any act, or neglects any duty imposed by law while driving that vehicle, which act or neglect of duty proximately causes substantial bodily harm to another person, is guilty of a felony.

Instruction Number 5: It is unlawful for any person who is under the influence of controlled substance to drive a vehicle.

medications irrespective of whether the medication had any causal relationship to the event leading to the death or injury of another. It is apparent that such a result would be unfair and contrary to the intent of the Legislature in enacting the statute. The key phrase which must be defined in order to give proper effect to the statute is "under the influence." We conclude that the Legislature intended the phrase to apply to each harmful act or neglect of duty specified in NRS 484.3795, and that its meaning embraces only those individuals who ingest substances mentioned in the statute to a degree that renders them "incapable of safely driving or exercising actual physical control of the vehicle." Whether a driver has been so influenced by the ingested substance will, with one exception,[2] always be a question of fact, to be considered in the light of such variable circumstances as the individual's resistance to the substance, the amount ingested and the type and time of ingestion.

The trial court erroneously instructed the jury on the meaning of the qualifying phrase, "under the influence." This is an error of constitutional magnitude pursuant to Jackson v. Virginia, 443 U.S. 307 (1979). Therefore, we reverse the judgment of the lower court and remand for a new trial consistent with this opinion.

GUNDERSON, C. J., and STEFFEN, YOUNG, and MOWBRAY, J.J., concur.

---

[2]We note that the Legislature has included a *per se* violation of driving under the influence of intoxicating liquor when persons have 0.10 percent or more by weight of alcohol in their blood. Our ruling, of course, has no effect on that provision.