800 P.2d 107

STATE of Idaho, Plaintiff–Respondent,

v.

Dave B. ANDRUS, Defendant–Appellant.

No. 17968.

Court of Appeals of Idaho.

March 21, 1990.

Rehearing Denied Aug. 20, 1990.

Randy Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen. and Jack B. Haycock, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent. Haycock argued.

## SUBSTITUTE OPINION

The Court's prior opinion, dated February 26, 1990, is hereby withdrawn.

McKEE, Judge, Pro Tem.

Dave Andrus was charged with driving under the influence of alcohol, tried before a jury in magistrate court, and convicted. He appealed to the district court, where the judgment of conviction was affirmed. He now appeals to this court. We conclude that the jury was incorrectly instructed and remand for new trial.

The issues raised on appeal turn on questions of law, the parties having stipulated to the necessary procedural facts. Andrus was arrested by the Idaho State Police on September 24, 1987, following an officer's observation of erratic driving, the administration of field sobriety tests, and the officer's conclusion that Andrus failed the tests. He refused a breath-alcohol test. The State proceeded on general proof that Andrus was "under the influence" of alcohol within the meaning of I.C. § 18–8004. The State's case consisted of testimony by the arresting officer and a tape recording

made by the officer at the time of the arrest. Andrus testified that he had consumed only a limited amount of beer and was not under the influence. Several witnesses testified that they had observed Andrus, and did not believe he was under the influence. On this evidence, the jury returned a verdict of guilty.

Andrus raises two issues on appeal. First, despite his refusal to submit to a breath-alcohol test, he claims error in the failure to admit evidence offered to show that his alcohol concentration may have been less than .10%. Second, he claims error in the giving of inconsistent and contradictory instructions on the definition of driving under the influence. We find no error in the refusal to admit the proffered evidence on defendant's probable alcohol concentration. We do conclude, however, that the instructions given on the definition of driving under the influence were inconsistent and contradictory, necessitating a new trial.

## I

■ We begin with the evidentiary issue. Andrus testified that he had consumed only four beers between the hours of 11:30 p.m. and 1:00 a.m. on the night in question. By way of offer of proof outside the presence of the jury, defense counsel advised the court that he wished to introduce a chart printed in the Idaho Driver's Manual which showed the theoretical level of alcohol in a person's system given various rates of consumption over various periods of time. He further advised that he wished to prove through testimony that, according to the chart, the consumption of four beers over two and one-half hours by a man of Andrus's height and weight would theoretically result in an alcohol content of less than .10%. The magistrate rejected the offer of proof.

■ We find no error. While I.C. § 18–8004 establishes only one crime of driving under the influence, it may be proved in either of two separate and dis-

tinct ways. It may be proved, as here, by the direct and circumstantial evidence of impairment of ability to drive due to the influence of alcohol. Alternatively, if chemical testing was performed in accordance with the statute, the crime may be proved by forensic evidence that the defendant's alcohol concentration exceeded the statutory percentage. *State v. Knoll*, 110 Idaho 678, 718 P.2d 589 (Ct.App.1986) (review denied). The statutory percentage is contained within the definition of the crime and is conclusive, not presumptive, of guilt; driving a vehicle while one has an alcohol concentration of .10% or more is deemed *per se* to be a violation of the law. Evidence relevant under the *per se* theory of proof is not necessarily relevant under the impairment theory.

Andrus acknowledges this, but argues that even though he had refused a breath-alcohol test and was being prosecuted under the impairment theory, he should have been allowed to offer evidence of his hypothetical alcohol concentration as relevant to the issue of whether he was under the influence. He further argues that the statute provides that if an individual submits to a chemical test, and if the test indicates an alcohol concentration of less than .10%, the state may not prosecute under *either* alternative. He contends that, even though he refused the test, he should have been permitted to offer proof to the jury that his alcohol concentration might have been less than .10%, thus preventing his conviction. We are not persuaded.

Evidence of scientific measurement of alcohol concentration is governed by statute. Such evidence must be in the form of an acceptable test of a subject's blood, breath or urine, conducted in accordance with standards then approved by the Department of Health & Welfare.[1] I.C. § 18–8004(4). There is no provision for extrapolating an individual's probable alcohol concentration by the use of charts or graphs such as that published in the Idaho Driver's Manual.

---

1. By amendment effective July 1, 1988, test standards are now the responsibility of the Department of Law Enforcement.

Idaho Code § 18–8004(2) provides as follows:

> Any person having an alcohol concentration of less than 0.10 as defined in subsection (4) of this section, as shown by an analysis of his blood, urine, or breath, by a test requested by a police officer shall not be prosecuted for driving under the influence of alcohol....

This section only applies when the defendant has submitted to a chemical test for alcohol concentration; it has no application when the defendant has refused such test. If a defendant has refused the police request for an alcohol concentration test, and the state proceeds under general proof that he was impaired by the influence of alcohol, the defendant may not later attempt to establish by direct proof, expert testimony, hypothetical example or otherwise what his alcohol concentration was or could have been. The magistrate did not err in refusing the proffered evidence.

## II

We now consider the jury instruction issue. The definition of "driving under the influence" has not been addressed by appellate courts in Idaho since *State v. Warner*, 97 Idaho 204, 541 P.2d 977 (1975). Since then, the statute has been amended in some respects, and we must decide whether *Warner* is still good law. We believe it is.

### A

In *Warner* the Supreme Court noted that the inability to operate a motor vehicle with reasonable prudence due to the consumption of alcohol was the standard for determining whether a driver was under the influence in civil liability cases, but was not the criminal standard. The court ruled that the criminal standard was appropriately defined in *State v. Glanzman*, 69 Idaho 46, 202 P.2d 407 (1949), which approved an instruction containing substantially the same language as the first paragraph of Instruction No. 12 given by the trial court in this case, which reads:

> You are instructed that to constitute the crime of driving while under the influ-

ence of alcohol, it is not necessary that the driver of a motor vehicle be shown to have been in any particular degree or state of intoxication, but only that such driver at the time charged has consumed alcohol to such an extent as to influence or affect his/her driving of the motor vehicle.

The court in *Warner* specifically disapproved of a contention that it was also necessary to show that the driver was unable to drive safely or prudently to sustain a conviction in a criminal case.

Andrus urges that Idaho should recognize the rationale of *City of Helena v. Davis*, 222 Mont. 492, 723 P.2d 224 (1986), which held that the crime requires a showing that the defendant was impaired to a degree that rendered him incapable of driving safely. However, in Montana this element is contained within the statute, which defines the offense as follows: "Under the influence means that as a result of taking into the body alcohol ... a person's ability to safely operate a motor vehicle has been diminished." M.C.A. § 61-8-401(3).

We recognize that most states require proof that the defendant's ability to drive safely was impaired. In Wisconsin, the language used is consumption to a degree that renders the driver "incapable of safely driving." *State v. Waalen*, 130 Wis.2d 18, 386 N.W.2d 47, 51 (1986). In Kansas, the standard is "to the extent that defendant was incapable of safely driving a vehicle." *State v. Reeves*, 233 Kan. 702, 664 P.2d 862, 864 (1983). In Illinois, the courts focus on the "impairment of the ability to act with care." *People v. Frazier*, 123 Ill.App.3d 563, 79 Ill.Dec. 27, 463 N.E.2d 165, 171 (1984). In Nevada, the standard is "to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle." *Cotter v. State*, 103 Nev. 303, 738 P.2d 506, 508 (1987). Colorado requires that the degree of influence be "substantial so as to render the defendant incapable of safely operating a vehicle." *Barnes v. People*, 735 P.2d 869, 871–72 n. 2 (Colo.1987). In Georgia, one is not under the influence of an intoxicant unless he or she is intoxicated "to a degree which ren-

ders [him] incapable of driving safely." *Hogan v. State*, 178 Ga.App. 534, 343 S.E.2d 770, 772 (1986). And in Massachusetts,

> The Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's *ability* to operate a motor vehicle safely. The Commonwealth need not prove that the defendant *actually drove* in an unsafe or erratic manner, but it must prove a diminished *capacity* to operate safely.

*Commonwealth v. Connolly*, 394 Mass. 169, 474 N.E.2d 1106, 1109 (1985) (emphasis original). The Massachusetts court found thirty-two states which defined the elements of the offense similarly. *Id.* 474 N.E.2d at 1110.

Nevertheless, this concept is not in accord with *Warner* and *Glanzman*, where our Supreme Court observed that it was permissible to convict upon proof that a person's ability to drive was impaired to the slightest degree. The amendments to the statute since *Warner* appear, if anything, to reinforce a legislative intent to let stand the *Warner* and *Glanzman* decisions. The definition of the crime, as set forth in its relevant parts at I.C. § 18–8004, is simply: "It is unlawful for any person who is under the influence of alcohol ... to drive ... a motor vehicle within this state." This language is almost identical with the language of the statutes at the time both *Glanzman* and *Warner* were decided.[2] The Idaho legislature, which had the benefit of *Warner* and *Glanzman* when it amended the Idaho statute in 1984, did not so restrict the statutory elements of the crime in Idaho.

■ We conclude that the amended statutory structure of I.C. § 18–8004 retains the criminal standard expressed in *Warner* and *Glanzman*. It is not necessary to prove that the defendant could not drive safely or prudently; it is sufficient to prove only that his ability to drive was impaired by the influence of alcohol. Further, it is not necessary that the state prove impairment to any specified degree. As a practical matter, however, the state must prove the impairment by observations of some type of ascertainable conduct or effect. Some courts have employed such adjective phrases as "some degree," *State v. Stark*, 363 N.W.2d 53, 56 (Minn.1985); "appreciable degree," *Stanfield v. State*, 576 P.2d 772, 774 (Okla.Crim.App.1978); and "noticeable or perceptible degree," *State v. Robinson*, 235 Or. 524, 385 P.2d 754, 758 (1963). We believe that the instruction approved in *Warner* and set forth above is sufficient, standing alone, to include all of the elements of the crime. While it is not error to further quantify the degree of proof required, such is not mandatory. We recommend that if an adjective phrase is to be used to describe the degree of impairment required, it be that the impairment is noticeable or perceptible. While the Idaho court in *Glanzman* appeared to approve of "slightest degree," this phrase has been criticized as misleading. *Stark*, 363 N.W.2d at 56. We consider that language in *Glanzman* to be dictum, and not controlling.

■ Because the offense is "driving under the influence," it is essential that the impairment be of a physical or mental function that relates to one's ability to drive. It is error to instruct a jury that a defendant may be convicted upon evidence of an impairment which, though noticeable and caused by the consumption of alcohol, would not impair the ability to drive.

**B**

■ In this case, the definitional elements of the crime were contained in two instructions. The first instruction, No. 12,

---

**2.** At the time *Glanzman* was decided, the statute in force was I.C.A. § 48–502, which in its relevant part read, "It shall be unlawful ... for any person ... who is under the influence of intoxicating liquor ... to drive any vehicle upon any highway within this state."

At the time *Warner* was decided, the statute in force was I.C. § 49–1102, which in its relevant part read, "It is unlawful ... for any person who is under the influence of intoxicating beverages to drive ... any motor vehicle within this state."

is set forth in the margin.[3] In the opening paragraph, reference is made to the consumption of alcohol "to such an extent as to influence or affect his/her driving of the motor vehicle." This language is consistent with the holdings of *Warner* and *Glanzman* and connects the consumption of alcohol to an individual's ability to drive. It is a correct statement of the law.

In the second paragraph, the reference is to consumption of alcohol "to such an extent that the use had affected or influenced the defendant to some degree, either mentally or physically." Further, the second paragraph specifically instructs that "[i]t is not for the state to prove that the intoxication had reached a stage where it would or did interfere with the proper operation of the motor vehicle." This paragraph does not connect the consumption of alcohol to the ability to drive, but rather to its general influence upon the person. The second paragraph contradicts the first. Under the second paragraph, a jury might believe they were required to find a defendant guilty if his alcohol consumption had merely caused his eyes to be bloodshot, for example, which could be construed as "some degree" of physical effect, even if the jury did not find that the ability to drive was impaired.

To compound the contradictions, the third paragraph of this instruction provides

that even those persons who are able to drive safely are prohibited from doing so. If read only in context with the first paragraph, this paragraph is not inconsistent; it is not necessary to prove that a defendant's driving was unsafe. However, if read in context with the second paragraph, it might reinforce the notion that consumption of alcohol need not affect a person's ability to drive at all, which is erroneous and inconsistent with the first paragraph.[4]

The second instruction, in the margin,[5] was specifically disapproved in *Warner*. It is directly contradictory to the previous instruction.

When contradictory instructions are given to a jury on a material issue, the error is prejudicial. A contradictory statement of the law in one part of the instructions cannot be cured by reference to a correct statement of the law in another. We have considerable faith in juries, but we cannot expect them to discern the correct implications necessary to reconcile contradictory instructions given by the court, all of which are expected to be given equal weight. *See Yacht Club Sales and Service, Inc. v. First National Bank of North Idaho*, 101 Idaho 852, 623 P.2d 464 (1980).

Accordingly, the district court's decision upholding the judgment of conviction is reversed. The case is remanded with di-

---

3. Instruction No. 12

You are instructed that to constitute the *crime of driving while under the influence of* alcohol, it is not necessary that the driver of a motor vehicle be shown to have been in any particular degree or state of intoxication, but only that such driver at the time charged has consumed alcohol to such an extent as to influence or affect his/her driving of the motor vehicle.

It is not for the state to prove that the intoxication had reached a stage where it would or did interfere with the proper operation of the motor vehicle. It is necessary for the state to show only that the defendant had consumed alcohol to such an extent that the use had affected or influenced the defendant to some degree, either mentally or physically.

The offense is not conditioned or dependent upon ability to operate a motor vehicle safely or to control it properly. All persons who are under the influence of alcohol—those who are able to drive safely as well as those unable to drive safely—are prohibited from driving.

Whether or not the defendant was under the influence of alcohol at the time involved is one of the questions of fact to be determined by you under the evidence.

4. Since this paragraph was part of the instruction defining the term "under the influence," it is also confusing because it includes the term being defined within it. If this paragraph is to be used, it would be clearer if the reference was to "all persons whose ability to drive is affected by the consumption of alcohol" rather than to "all persons under the influence of alcohol."

5. Instruction No. 13

A person is under the influence of intoxicating liquor when as a result of drinking such liquor his physical or mental abilities are impaired so that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person or ordinary prudence, under the same or similar circumstances.

rection to vacate the judgment and return the case to magistrate division for a new trial.

BURNETT and SWANSTROM, JJ., concur.

BURNETT, Judge, specially concurring upon denial of petition for rehearing.*

The state has expressed a concern that our opinion might be read to hold that an officer cannot make a DUI arrest unless he has seen *impaired driving*. I write separately here to confirm my understanding that the Court's opinion does not so hold. Rather, the opinion says that in cases where the .10% per se rule is inapplicable, "driving under the influence" must be established by evidence showing consumption of alcohol and some discernible impairment *related* to the motorist's *ability* to drive. With this understanding, I join my colleagues in denying the petition for rehearing.

---

* Judge Burnett's special concurring opinion was prepared prior to his resignation on July 16, 1990.