8 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred ACKLEY; Lillian Ackley, husband and wife,
individually; Lillian Ackley, as Guardian ad
litem for Jaycee Lyn Ackley, a minor,
Plaintiffs-Appellants,
v.
LINCOLN COUNTY, IDAHO; Lincoln County Sheriff's Department;
and Robert Quiroga, Defendants-Appellees.
 No. 91-36245.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 3, 1993.
Decided Sept. 30, 1993.
 
 Before: WALLACE, Chief Judge, WRIGHT and NOONAN, Circuit Judges.
 
 MEMORANDUM
 
 1
 The Ackleys appeal the district court's summary judgment in this wrongful death action in favor of Lincoln County, Idaho, the Sheriff's Department and Deputy Sheriff Quiroga (Lincoln County). The district court had jurisdiction over this diversity suit under 28 U.S.C. § 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We hold that there is a genuine issue of material fact and reverse the decision of the district court.
 
 
 2
 At 11:00 p.m. on St. Patrick's Day in 1990, Officer Quiroga issued a speeding ticket to a car that he had clocked travelling at 100 m.p.h. in a 55 m.p.h. zone. The car was driven by nineteen year old Laine King and carried passengers Jess Caudell and April Ackley. Later that night, at approximately 1:00 a.m., the same car, this time driven by Caudell, was involved in an auto accident. All three persons in the car were killed. Tests performed after the accident revealed that Caudell had a blood alcohol content of .16; King's blood alcohol was .05; Ackley had no alcohol in her system.
 
 
 3
 The Ackleys, parents of April, brought this wrongful death action, claiming that Officer Quiroga had a duty to arrest King for drunk driving at the time he issued the speeding ticket, and that if the arrest had taken place, the subsequent fatalities would have been avoided.
 
 
 4
 Idaho law provides that a driver is subject to arrest when his "ability to drive [is] impaired by the influence of alcohol." State v. Andrus, 800 P.2d 107, 111 (Idaho 1990). As a practical matter the impairment must be "noticeable" or "perceptible." Id. Thus, at the least, Officer Quiroga could not have had a duty to make an arrest for driving under the influence unless there was noticeable impairment of the ability to drive. Finding no evidence that Officer Quiroga noticed or should have noticed that King was intoxicated during the traffic stop, the district court granted summary judgment for Lincoln County. Our review is narrow and pertains only to the issue decided by the district court. We review de novo the district court's summary judgment. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). Viewing the evidence in the light most favorable to the Ackleys, we must determine whether there is any genuine issue of material fact as to whether King was noticeably impaired. See id.
 
 
 5
 Uncontested affidavits demonstrate that King had been seen drinking at 4:30 p.m. and at 7:30 p.m. At both times he was under the influence of alcohol. He was seen in attendance at a "kegger" party, where he was observed consuming more alcohol, between approximately 7:30 p.m. until shortly before the traffic stop at 11:00 p.m. In contrast to this evidence, the affidavits of King's brother and parents state that King did not appear to be intoxicated between 9:30 p.m. and 10:30 p.m. Officer Quiroga states that he did not observe any impairment.
 
 
 6
 The finder of fact should have been given the opportunity to weigh the credibility of these witnesses' testimony. In doing so, the trier of fact could draw an inference that King was discernibly impaired at the time of the traffic stop. Therefore, we reverse the summary judgment.
 
 
 7
 REVERSED.