**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Matthew Arnold PATZER,**
**Defendant–Appellant.**

**No. 00–30360.**

United States Court of Appeals,
Ninth Circuit.

March 21, 2002.

Before: REAVLEY,* B. FLETCHER and TALLMAN, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

In *United States v. Patzer*,[1] we determined that the district court erred by failing to suppress evidence on the grounds that the arresting officer lacked probable cause to arrest the defendant

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

1. 277 F.3d 1080 (9th Cir.2002).

during a traffic stop, and that subsequent consent obtained from the defendant to search his vehicle was tainted by the unlawful arrest. The arguments made in support of the petition for rehearing were not advanced by the Government in its original response brief. "Courts of Appeals will ordinarily not consider for the first time on rehearing issues not presented by the parties in their briefs on appeal. A case must involve 'extraordinary circumstances [to] justify our considering on petition for rehearing, issues which were not previously presented.' " [2] We find no such circumstances in this case. For the reasons that follow, the petition for rehearing is denied.

The Government's primary argument in the petition for rehearing is that Patzer's arrest was supported by probable cause and thus lawful. The probable cause briefing in this appeal addressed exclusively whether Officer Patterson had probable cause to arrest Patzer under I.C. § 18–8004(5). That provision states:

> It is unlawful for any person who is an habitual user of, or under the influence of any narcotic drug, or who is under the influence of any other drug or any combination of alcohol and any drug to a degree which impairs the driver's ability to safely operate a motor vehicle, to drive or be in actual physical control of a motor vehicle within this state. . . .

According to both the district court and the Government's original response brief, it was under this subsection of Idaho's driving under the influence statute that Patzer was arrested. The entirety of the Government's probable cause argument in response to Patzer's appeal was that marijuana is a narcotic, so Officer Patterson did not need probable cause to think that Patzer's ability to "safely operate a motor vehicle" was impaired to effect a lawful arrest. We resolved this argument adversely to the Government, finding that Idaho law consistently defines marijuana as outside the category of narcotic drugs.[3]

█ Having initially placed all its eggs in one probable cause basket, the Government's petition for rehearing now notes that "an arrest is . . . valid if the same officer had probable cause to arrest the defendant for another offense." [4] While a true statement of law, the Government did not previously argue that any other provision of Idaho law might have supported the arrest, for example I.C. § 37–2732C(a) (making it unlawful for "any person on a public roadway . . . to use or be under the influence of any controlled substance"), or I.C. § 18–8004(1)(a) (making it illegal for any person under the influence of drugs or other intoxicating substances to be in physical control of a motor vehicle). Instead, the Government accepted I.C. § 18–8004(5) as the battleground for the probable cause dispute, arguing that Officer Patterson "reasonably believed Patzer had committed the offense he was arrested for." To the extent that our prior opinion suggested that Patterson lacked probable cause to arrest Patzer under any other subsection of I.C. § 18–8004 or other provision of Idaho law, we now clarify our intent to limit the holding to I.C. § 18–8004(5).

---

**2.** *Escobar Ruiz v. INS,* 813 F.2d 283, 285–86 (9th Cir.1987) (some citations omitted and quoting *United States v. Sutherland,* 428 F.2d 1152, 1158 (5th Cir.1970)).

**3.** The Government does not now argue that this interpretation of I.C. § 18–8004(5) was in error.

**4.** *United States v. Bookhardt,* 277 F.3d 558, 565 (D.C.Cir.2002); *Gasho v. United States,* 39 F.3d 1420, 1428 & n. 6 (9th Cir.1994) ("It is immaterial that the officer did not have in mind the specific charge upon which the arrest can be justified.").

■ We need not resolve whether section 18–8004(1)(a) or 37–2732C would have supported Patzer's arrest. It is enough to note that in the absence of an effort by the Government to identify relevant alternative provisions and apply them to the facts of Patzer's arrest, there was no basis to undertake a review of the Idaho criminal code to determine whether Patzer might have been violating some other provision of Idaho law at the time of his arrest.[5] The onus was on the Government to show the constitutionality of the arrest,[6] and that burden was not met.

■ The Government raises two additional arguments that we address briefly. First, the Government argues that we erred by overlooking the fact that under *Michigan v. Long*,[7] a protective search of the passenger compartment of Patzer's car was objectively justified by the presence of firearms in the car. This is a completely new theory in the petition for rehearing, and there is no reason it could not have been argued in the Government's original response brief.[8] Even if the Government raised this argument to the trial court, it has been waived on appeal.

■ Second, the Government argues that Patzer's consent to search was sufficiently voluntary to purge the taint from the unlawful arrest, so that the fruits of that search should be admissible. However, the Government did not previously respond to Patzer's Fourth Amendment taint argument, and in any event it identifies no error in our application of the four-factor test used in the Ninth Circuit. We see none.

The petition for rehearing is DENIED.

---

**5.** Although the Government takes it as a given that had we applied I.C. § 188004(1)(a) on the Government's behalf we would have found probable cause for the arrest, "driving under the influence" still appears to require some evidence of mental or physical impairment, although perhaps not to same degree as required under I.C. § 18–8004(5). *Idaho v. Andrus*, 118 Idaho 711, 800 P.2d 107, 111 (1990) ("As a practical matter ... the state must prove the impairment by observations of some type of ascertainable conduct or effect.... Because the offense is 'driving under the influence,' it is essential that the impairment be of a physical or mental function that relates to one's ability to drive."). Whether I.C. § 18–8004(1)(a) is technically a separate offense or simply an alternative means of proving the same offense of "driving under the influence," the Government's original brief was devoid of any reference to it.

**6.** *United States v. Valencia*, 24 F.3d 1106, 1108 (9th Cir.1994).

**7.** 463 U.S. 1032, 1049–50, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

**8.** The Government might not have previously advanced this argument because the search that actually occurred in the present case bears so little resemblance to the "protective search" at issue in *Michigan v. Long*.