**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51096**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>KELLIE DEE MESSMAN,<br><br>      Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Filed: April 30, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge. Hon. Benjamin D. Harmer, Magistrate.

Memorandum decision of the district court, on intermediate appeal from the magistrate division, affirmed.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Kellie Dee Messman appeals from the district court's memorandum decision, on intermediate appeal from the magistrate division, affirming her judgment of conviction for misdemeanor driving under the influence (DUI). Messman argues that substantial and competent evidence did not support the finding that Messman's driving was impaired in some identifiable way by drugs or another intoxicating substance. The State contends sufficient evidence was presented to meet the essential elements of the DUI charge, and therefore, the district court did not err in affirming Messman's conviction. The district court's memorandum decision is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Messman was scheduled to appear in court for a trial on an unrelated matter. Messman drove her vehicle to the courthouse, parked, immediately exited her vehicle, and proceeded into

1

the courthouse. After observing Messman, a court bailiff, Leslie Hoerner, believed Messman was under the influence of a narcotic and Hoerner notified another bailiff and the trial judge. Other courthouse personnel also noted Messman's behavior. Officer Liz Guzman was called and instructed to go to the pretrial services office to conduct a DUI investigation. During the investigation, Officer Guzman conducted standard field sobriety tests for Messman and observed clues of impairment throughout the three tests. Officer Guzman conducted three additional field sobriety tests and administered a breath test, which returned negative results for alcohol impairment. Due to the inconsistent results of the field sobriety tests and the breath test, Officer Guzman requested a consensual blood draw to test for the presence of stimulants or narcotics, which Messman consented to. Messman's blood samples tested positive for amphetamine, methamphetamine, tetrahydrocannabinol (THC), THC hydroxy, and carboxy THC. Based on the observed clues of impairment, Officer Guzman issued Messman a citation for misdemeanor DUI, Idaho Code § 18-8004(1)(a).

The matter proceeded to a jury trial, which resulted in a hung jury. The matter was then re-tried, and following the second trial, the jury found Messman guilty as charged. The magistrate court entered the judgment of conviction. Messman appealed to the district court from her judgment of conviction.

On intermediate appeal, the district court held, in relevant part, that substantial and competent evidence supported the jury's finding that Messman was under the influence of an intoxicating substance while operating a motor vehicle. Messman appeals from the district court's memorandum decision.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether

2

the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Messman contends the district court erred in affirming her judgment of conviction because substantial and competent evidence did not support the jury's finding that Messman was impaired in some identifiable way while driving. Messman argues that she drove to the courthouse without incident and parked her vehicle appropriately, demonstrating she was not impaired while operating the vehicle. The State contends that substantial and competent evidence was presented to the jury, including testimony, a toxicology report, and video evidence, for the jury to find that Messman was impaired while operating a motor vehicle.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

Idaho Code Section 18-8004(1)(a) states:

> It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances, or any combination of alcohol, drugs and/or any other intoxicating substances, or who has an alcohol concentration of 0.08, as defined in subsection (4) of this section, or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

A person is under the influence, for purposes of section 18-8004, if the person's ability to drive is impaired in some identifiable way by alcohol, drugs, intoxicating substances, or some combination thereof. *State v. Stark*, 157 Idaho 29, 31, 333 P.3d 844, 846 (Ct. App. 2013). A violation of the statute can be proven by the totality of the evidence that the defendant was driving under the influence. *Elias-Cruz v. Idaho Dept. of Transp.*, 153 Idaho 200, 203, 280 P.3d 703, 706 (2012). A totality of the evidence has been defined to encompass circumstantial evidence of impaired driving ability or other observable symptoms of intoxication. *Stark*, 157 Idaho at 31, 333 P.3d at

3

846. The State must prove the impairment was caused by alcohol, drugs, or intoxicating substances. *Id.*

At trial, testimony and other evidence presented established the following. Messman was scheduled to appear in court for a trial on an unrelated matter. Messman drove her vehicle to the courthouse, parked, immediately exited her vehicle, and proceeded into the courthouse. Upon entering the courthouse, Hoerner noticed Messman and watched her walk past Hoerner three times. Hoerner described Messman's behavior as agitated; that Messman was "twitching," "jerking," and unable to maintain focus. Hoerner also testified that Messman was not able to stay still, talked fast, and was "not on track a lot of the times." Hoerner mentioned to another bailiff that Messman appeared to be under the influence of a narcotic and notified the trial judge.

Stacey Harr, a misdemeanor probation officer, facilitated the collection of a urine sample from Messman and testified that Messman's behavior during the process was agitated and exaggerated, with rapid speech and movement. Ultimately, a sufficient sample could not be collected for testing. Tiffany Hall, a pretrial release officer, interacted with Messman approximately an hour later when Messman came into her office to complete pretrial paperwork. Hall testified that Messman was agitated with excited mannerisms that included fidgeting, leaning back in her chair and over Hall's desk, standing up and sitting down, clicking her false teeth, and had illegible handwriting. Thereafter, Officer Guzman was called to the pretrial services office to conduct a DUI investigation, which included administering field sobriety tests, breath tests, and a consensual blood draw. Officer Guzman described Messman's behavior as agitated and unable to sit still and testified that Messman had a dry mouth. Messman's blood samples tested positive for amphetamine, methamphetamine, THC hydroxy, THC, and carboxy THC.

The toxicologist who generated Messman's toxicology report, Amber Gerheart, testified about the effects the substances identified in Messman's report would have on an individual, stating, "methamphetamine and amphetamine are central nervous system stimulants, the potential side effects of those can include jerking motions, agitation, restlessness, confusion, fast speech." Gerheart testified that the effects of THC and hydroxy THC would "exhibit central nervous system depressant-like effects . . . so that can include vision difficulties like blurred vision, speech difficulties, or weakness." Gerheart also testified that where multiple drugs are present, "one drug can be dominant in that interaction. So it can be exhibiting those effects more than the other drugs that I found."

4

The district court, acting in its appellate capacity, reviewed the evidence and testimony presented during trial. The district court noted that, although Messman was not stopped by an officer while driving her vehicle, multiple witnesses testified that Messman's behavior was indicative of Messman being under the influence of some type of intoxicating substance. The district court found that the descriptions of Messman's behavior were further supported by the results of the field sobriety tests and the blood draw. The district court also considered the video evidence showing Messman arriving and parking at the courthouse, noting that Messman exited the vehicle almost immediately after parking and proceeded into the courthouse, foreclosing the possibility that an intoxicating substance could have been used after operating the vehicle. The district court determined that substantial and competent evidence was presented to the jury from which the jury could, and did, find Messman guilty.

Messman contends there was nothing indicating that her driving was impaired because of intoxicating substances. However, the State did not need to prove Messman's driving was actually impaired or that there was a specific degree of impairment. *State v. Andrus*, 118 Idaho 711, 715, 800 P.2d 107, 111 (Ct. App. 1990). Instead, the State only needed to prove that an "impairment be of a physical or mental function that *relates to* one's ability to drive." *Id*. (emphasis added). The impairment could be established either by circumstantial evidence of impaired driving ability or other observable symptoms of intoxication. Here, the State presented sufficient evidence, as discussed above, to show Messman's other observable symptoms of intoxication.

Messman argues that, regardless of whether she was under the influence, the State failed to connect her intoxication to an impaired ability to drive in an identifiable way. Messman argues the jury could not reasonably infer an impairment since there was no evidence from which to make such an inference. According to Messman, the evidence presented is insufficient to support an inference of intoxication while driving. Messman relies on three cases to support her position, but each is distinguishable from her case.

First, Messman relies on *Andrus* for the proposition that signs of physical impairment do not necessarily establish an impaired ability to drive. The issue in *Andrus*, unlike here, was whether conflicting jury instructions could permit the jury to believe they could convict Andrus if his alcohol consumption affected him physically--having bloodshot eyes, for example--but did not impair his ability to drive. *Andrus*, 118 Idaho at 716, 800 P.2d at 112. Here, the jury instructions did not permit the jury to convict Messman simply because she exhibited physical characteristics

5

of impairment. Jury instruction number 17 laid out the statutory requirements regarding the elements of driving under the influence as outlined in I.C. § 18-8008. Jury instruction number 20 explained the State's burden in proving that someone was under the influence of an intoxicating substance as: "it is not necessary that any particular degree or state of intoxication be shown. Rather, the state must show that they had used enough of any drug(s) or intoxicating substance(s) to influence or affect the defendant's ability to drive the motor vehicle." Thus, *Andrus* is inapplicable.

Next, Messman relies on *Stark* to show that impairment without a definitive showing of the cause of the impairment is insufficient to support a conviction. *Stark*, 157 Idaho at 31, 333 P.3d at 846. Messman emphasizes that her ability to drive and park her vehicle at the courthouse without incident is evidence she was not exhibiting symptoms of impairment affecting her driving. In *Stark*, Stark made an illegal right-hand turn, briefly drove the wrong way on a one-way street, and pulled into a gas station. *Id*. at 30, 333 P.3d at 845. After initiating a traffic stop, the officer noted Stark's speech was slurred, he kept his head down and avoided eye contact, and had trouble staying awake, with his head drooping and bobbing as the officer attempted to question him. *Id*. Stark performed poorly on the field sobriety tests. *Id*. Stark was arrested, and a breath test and a blood test were administered. *Id*. Neither test showed positive results of any intoxicating substance, however. *Id*. at 32-33, 333 P.3d at 847-48. This Court stated: "We again emphasize that the toxicology report did not reveal the presence of an intoxicating drug or substance, which, together with evidence of Stark's impairment, would almost certainly have been sufficient to prove a violation of section 18-8004 under the totality of the evidence method of proof." *Id*. at 33, 333 P.3d at 848. Because an intoxicating substance could not be confirmed, this Court held that the evidence was legally insufficient to establish that Stark was under the influence of alcohol or drugs. *Id*. at 34, 333 P.3d at 849. Here, however, the blood test results conclusively established the presence of intoxicants. Furthermore, although Messman successfully parked her car, her performance on the field sobriety tests demonstrated impairment. Therefore, unlike in *Stark*, there was a cause of impairment sufficiently established to explain Messman's impaired behavior.

Finally, Messman relies on *State v. Guerra*, 169 Idaho 486, 497 P.3d 1106 (2021), to support the proposition that a testifying expert or witness must link the drug use and impairment to an inability to operate a vehicle safely. However, *Guerra* did not establish a rule that a witness had to testify about an individual's ability to operate a vehicle for the inference to be made.

The issue in *Guerra* was whether the State proved Guerra's impairment was caused by an intoxicating substance that affected her ability to drive. *Id.* at 493, 497 P.3d at 1113. The Court concluded that testimony about the effects of the drugs on the nervous system, admissions of recent use, and the blood test confirming the presence of intoxicants was enough that "a rational jury 'could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *State v. Abdullah*, 158 Idaho 386, 425, 348 P.3d 1, 40 (2015)). In this case, the jury was presented with evidence of Messman's behavior, her performance on the field sobriety tests, and the results of the blood draw; evidence nearly identical to the type and quantum of evidence presented in *Guerra*. Like in *Guerra*, the State presented evidence to prove Messman's impairment was caused by drugs and a rational jury could have concluded that the State satisfied its burden of proof. *Id.* at 494, 497 P.3d at 1114.

Substantial and competent evidence established that Messman had intoxicating substances in her system, exhibited behavior consistent with impairment, and the impairment related to her ability to drive. Thus, the totality of the evidence supports the jury's finding that Messman operated a motor vehicle while under the influence of intoxicating substances. The district court did not err in affirming the judgment of conviction of the magistrate court.

**IV.**

**CONCLUSION**

The district court, acting in its appellate capacity, did not err in affirming the judgment of conviction of the magistrate court because competent and substantial evidence supported the conviction. Therefore, we affirm the district court's memorandum decision.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.

7