792 P.2d 966

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steve Brian BAILEY, Defendant–Appellant.**

**No. 17466.**

Court of Appeals of Idaho.

May 2, 1990.

Review Denied June 26, 1990.

---

**942**

Steve B. Bailey, Idaho Falls, pro se.

Jim Jones, Atty. Gen., by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Steven Bailey appeals from a district court order affirming a magistrate's judgment of conviction for driving under the influence in violation of I.C. § 18–8004. The issues raised on appeal are whether Bailey should have been allowed to call a witness to testify as to his moderate drinking habits and whether Bailey should have been granted a continuance to locate a missing witness. For reasons discussed below, we affirm.

The facts are as follows. Bailey and a co-worker stopped off for a drink after work. Bailey's co-worker testified that Bailey drank a beer and a bottle of Schnapps malt liquor. Thereafter, while operating a motor vehicle, Bailey was pulled over by a police officer who saw him driving erratically and making improper turns. Bailey refused to take a breath test, and he failed a field sobriety test. He was charged with driving under the influence. A jury found him guilty of that charge and he appealed to the district court. The district court affirmed the magistrate's judgment and this appeal followed.

Bailey first argues he should have been allowed to call a witness to testify as to his drinking habits. He contends the magistrate court abused its discretion by holding this evidence irrelevant. We disagree.

■ We first note our standard of review. Where, as here, a district court acts in an appellate capacity on an appeal taken from the magistrate's division, and a further appeal is taken, we review the record independently of, albeit with due regard for, the decision of the district court. *State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct.App.1985) (review denied). Whether evidence is relevant is a question directed to the trial court's sound discretion. *State v. Palmer*, 110 Idaho 142, 146, 715 P.2d 355, 359 (Ct.App.1985) (review denied). We will not disturb such a ruling absent an abuse of discretion. We conclude there was no such abuse here.

■ Generally, criminal defendants are allowed to present evidence of a pertinent character trait to prove that they engaged in lawful conduct. *See* I.R.E. 404(a)(1). For example, one charged with theft could offer evidence of honesty. *State v. Kramp*, 200 Mont. 383, 651 P.2d 614, 618 (1982). However, such evidence cannot be admitted unless it is relevant to the elements of the crime charged. Evidence is relevant if it increases the likelihood that a

fact at issue did or did not occur. *See* I.R.E. 401.

■ Bailey contends that evidence concerning his moderate drinking habits was relevant to the case at hand because it showed his propensity to drink only in moderation. However, a defendant need not drink excessively to be convicted of driving under the influence. He need only be shown to have consumed alcohol, which perceptibly impaired his ability to drive. *State v. Andrus,* Idaho (Ct.App. No. 17968, slip op. March 21, 1990); *State v. Hartwig,* 112 Idaho 370, 732 P.2d 339 (Ct.App.1987). Consequently, a defendant who is only a moderate drinker may nevertheless be guilty of violating I.C. § 18–8004. Thus, moderation in drinking is not relevant to the elements of the crime of driving under the influence.

While the record before us is not entirely clear as to the content of the proffered testimony, we must assume that Bailey's witness would have testified that Bailey was a moderate drinker as opposed to a complete abstainer, since Bailey in his closing argument implied that he had consumed alcohol. He did this by referring to the time gap between his consumption of the Schnapps and his arrest, stating "There was the fact[,] as mentioned[,] I wasn't drinking for a period of time...." Therefore, in this case, we do not believe the proffered testimony tended to disprove the elements of the charged offense. The magistrate did not abuse her discretion by refusing to admit the evidence.

■ Bailey also argues he should have been granted a continuance in order to locate a witness who left the courtroom. However, Bailey failed to raise this issue before the district court. It is well settled that an appellant may not raise issues before this Court that he has not raised and preserved before the district court in its capacity as an intermediate appellate court. *Centers v. Yehezkely,* 109 Idaho 216, 706 P.2d 105 (Ct.App.1985). Therefore, we will not address this issue.

We affirm the district court's order upholding the magistrate's judgment of conviction.