858 P.2d 810

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Larry Verl DOLSBY, Defendant–Appellant.**

**No. 19987.**

Court of Appeals of Idaho.

July 16, 1993.

Petition for Review Denied Sept. 15, 1993.

Dale L. Luplow and William H. Foster, Grangeville, argued for appellant.

Larry EchoHawk, Atty. Gen. and Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent. Douglas A. Werth argued.

CAREY, Judge Pro Tem.

This is an appeal from a decision of the district court affirming a magistrate's judgment of conviction against appellant Larry Verl Dolsby for the crime of obstructing a public officer. I.C. § 18–705. The appeal questions the sufficiency of the complaint, the sufficiency of the evidence to support the judgment, and the constitutionality of the criminal statute. The judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

According to witnesses who testified at trial, Dolsby spent the evening and early morning of April 21 and 22, 1991, drinking, arguing, and fighting with a number of

people both inside and outside the Short Branch Saloon on Main Street in Riggins, Idaho. After several brawls Dolsby was bruised and bleeding from wounds over one of his eyes, on his mouth, and on the back of his head. In his inebriated state Dolsby was carrying a crutch, which he sometimes used for support and sometimes used as a weapon. A concerned citizen called for an ambulance. When the ambulance arrived, emergency medical technicians tried to convince Dolsby that his wounds needed treatment, but he violently and coarsely refused assistance.

In the meantime, Bruce "Skip" Shoemaker, a uniformed Idaho County deputy sheriff, arrived at the scene and found Dolsby near a hardware store arguing with one of the EMTs. Shoemaker tried to calm Dolsby. Dolsby momentarily quieted down and walked off in the direction of the Short Branch. Shoemaker drove to the Short Branch to answer another disturbance call. At the Short Branch he was accosted by Mrs. Dolsby who was intoxicated and hysterical. She accused him of beating her husband. At about the same time, Dolsby showed up and started yelling profanely at the deputy to leave her alone. Shoemaker walked over to Dolsby, who picked up his crutch, "leveled it like a baseball bat," and told Shoemaker to stay away. Shoemaker again asked him to calm down and in response Dolsby swung his crutch. Shoemaker backed away to avoid the blow. In the course of the next two minutes Dolsby swung his crutch at Shoemaker's head eight or ten times, saying that nobody was going to arrest him. When Dolsby tired, Shoemaker tackled him and attempted to subdue him. Dolsby kicked and screamed until an EMT grabbed his legs and Shoemaker handcuffed him. Shoemaker then told Dolsby he was under arrest for disturbing the peace and obstructing an officer.

Dolsby was charged in separate uniform complaints with disturbing the peace in violation of I.C. § 18–6409 and with obstructing a public officer in violation of I.C. § 18–705. In response to Dolsby's demand for a sworn complaint, the prosecutor filed an amended complaint alleging the same crimes. The charging portion of the obstructing charge read:

That the said defendant [within the City of Riggins, Idaho County, State of Idaho] ... on the 22nd of April, 1991 did then and there knowingly, wilfully, unlawfully and intentionally resist, obstruct and delay a peace officer in the attempt to discharge his office, by at that time swinging a crutch in the direction of Bruce Shoemaker, a public officer, on Main Street in front of the Short Branch Saloon, when the officer was attempting to arrest the defendant for disturbing the peace at that time, all of which acts constitute a violation of Idaho Code, § 18–705, as amended.

Dolsby was found guilty of both charges following a trial in the magistrate division. He appealed to the district court, asserting that the allegations of disturbing the peace contained in the amended complaint failed to charge a public offense and that the evidence was insufficient to convict on the charge of obstructing an officer. The district court reversed the disturbing the peace conviction but affirmed the obstructing conviction. Dolsby then appealed the remaining conviction to the Supreme Court which assigned the case to the Court of Appeals. The state has not cross-appealed from the district court's determination.

## SUFFICIENCY OF THE COMPLAINT AND THE EVIDENCE

■ Dolsby argues that the obstructing complaint was fatally defective in failing to allege that Shoemaker advised Dolsby he was under arrest. He also argues that the evidence produced at trial was insufficient because Shoemaker admitted he did not tell Dolsby he was under arrest until the incident was over. The basis of Dolsby's argument is the language of I.C. § 19–608, requiring a person making an arrest to inform the person to be arrested of the intent to arrest, the cause of the arrest, and the authority to make the arrest.

The argument ignores an important exception contained in I.C. § 19–608. The entire statute reads:

The person making the arrest must inform the person to be arrested of the intention to arrest him, of the cause of the arrest, and the authority to make it, *except when the person to be arrested is actually engaged in the commission of, or an attempt to commit, an offense,* or is pursued immediately after its commission, or after an escape. [Emphasis supplied.]

Dolsby's conduct in front of the Short Branch when the deputy was trying to calm him down and when Dolsby first swung his crutch, which the deputy had to avoid, arguably violated a number of criminal statutes including laws prohibiting assault, assault on a law enforcement officer, disturbing the peace, and possibly even aggravated assault. I.C. §§ 18–901, 18–905, 18–915, 18–6410; *see Pauls v. State,* 476 A.2d 157 (Del.1984) (crutch as deadly weapon). Since Dolsby actually was engaged in the commission of crimes, the deputy was not required by law to give notice of his intent to arrest. Notice, therefore, was required neither as an allegation in the complaint nor as evidence at trial.

*Sprague v. City of Burley,* 109 Idaho 656, 710 P.2d 566 (1985), cited by Dolsby, does not bolster his argument. In *Sprague,* the Supreme Court held that the exception in I.C. § 19–608 was intended to uphold an otherwise lawful arrest when circumstances made it impracticable for an officer to inform the arrestee of the fact of the arrest, the authority to make the arrest, and the cause of the arrest. 109 Idaho at 667, 710 P.2d at 578. Under the facts of this case the deputy sheriff was faced with a dangerous drunk who was attempting to strike him with a potentially lethal weapon. It patently was impracticable for the deputy to give the statutory notice until Dolsby physically had been subdued.

Even if this were a case in which notice was required to make the underlying arrest lawful, we doubt that such an allegation would be essential to a proper charge of obstructing a public officer attempting to make an arrest. I.C. § 18–705. *Compare, State v. Wilkerson,* 114 Idaho 174, 755

P.2d 471 (Ct.App.), *aff'd,* 115 Idaho 357, 766 P.2d 1238 (1988). We need not address that issue, since no notice was required.

## CONSTITUTIONALITY OF THE OBSTRUCTING STATUTE

Dolsby also argues that I.C. § 18–705, defining the crime of obstructing a public officer, is unconstitutionally vague. He did not raise this issue before the trial court or on appeal to the district court. An issue not raised at trial or on intermediate appeal may not be raised at a subsequent stage of the appellate process, unless the alleged error constitutes "fundamental error." *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992); *see also State v. Bailey,* 117 Idaho 941, 792 P.2d 966 (Ct. App.1990). We shall assume Dolsby has raised a question of fundamental error that should be considered. *Compare State v. Williams,* 205 Conn. 456, 534 A.2d 230 (1987); *In re Andre P.,* 226 Cal.App.3d 1164, 277 Cal.Rptr. 363 (1991).

The standard for reviewing a statute claimed to be void for vagueness is well established:

Due process requires that a statute defining a crime be sufficiently explicit so all persons may know what conduct on their part will subject them to penalties. It is settled that this "fair warning" requirement prohibits the various States from holding an individual criminally responsible for conduct which he could not reasonably understand to be proscribed. The law must give sufficient warning that men may conduct themselves so as to avoid that which is forbidden.

In determining the sufficiency of a statute, the words of the questioned statute should not be evaluated in the abstract but should be considered with reference to the particular conduct of the defendant. The principle consistently followed, in cases where a criminal statute is challenged as void for vagueness, is that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning

and differ as to its application violates the first essential of due process of law."

*State v. Lenz*, 103 Idaho 632, 634, 651 P.2d 566, 568 (Ct.App.1982) (citations omitted).

Idaho Code § 18–705 provides that every person "who wilfully resists, delays or obstructs any public officer, in the discharge or attempt to discharge, of any duty of his office" is guilty of a crime. In addition there must exist a union of act and intent. I.C. § 18–114.

California has held Penal Code Section 148, upon which I.C. § 18–705 is based, to be sufficiently definite that a person of ordinary understanding would know when he or she is violating its provisions. *In re Bacon*, 240 Cal.App.2d 34, 49 Cal.Rptr. 322 (1966); *In re Andre P., supra; People v. Roberts*, 131 Cal.App.3d Supp. 1, 182 Cal. Rptr. 757 (1982) (construing "wilful" obstruction as general intent crime). Similar statutes have been upheld in other jurisdictions in the face of void-for-vagueness challenges. *See, e.g., State v. Williams, supra.* We see no reason to depart from the reasoning of these decisions.

In the context of this case, I.C. §§ 18–705 and 18–114 gave fair warning to a person of common intelligence that Dolsby's conduct was forbidden and subject to the penalty of the law. I.C. § 18–705, as applied, was not constitutionally defective.

## CONCLUSION

The magistrate's judgment convicting Dolsby of obstructing an officer is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.