960 P.2d 190

STATE of Idaho, Plaintiff-Respondent,

v.

Jerry D. VANDENACRE, Defendant–Appellant.

Nos. 22609, 22610.

Court of Appeals of Idaho.

June 8, 1998.

508

J. Bradford Chapman, Coeur d'Alene, for appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

BENGTSON, Judge pro tem.

Jerry D. Vandenacre appeals from judgments of conviction for grand theft, a felony, I.C. §§ 18–2403(1), 18–2407(1)(b); malicious injury to property, I.C. § 18–7001; and driving without privileges, I.C. § 18–8001; entered by the district court on October 27, 1995, following a jury trial. For reasons set forth below we affirm the judgments of conviction.

## I.

## BACKGROUND

Two separate criminal informations were filed charging Vandenacre with the commission of various felonies and misdemeanors. All of the charges were disposed of without the necessity of trial with the exception of the charges of grand theft, malicious injury to property, driving without privileges, and aggravated assault on a law enforcement officer, I.C. §§ 18–905 and –915. These remaining charges were consolidated for jury trial and guilty verdicts were returned as to the grand theft, malicious injury to property and driving without privileges charges, but Vandenacre was found not guilty of aggravated assault on a law enforcement officer. Judgments of conviction were entered accordingly.

## II.

## ISSUES ON APPEAL

The issues on appeal are essentially as follows:

(1) Was substantial evidence presented at Vandenacre's trial upon which a rational juror could have found that he exercised unauthorized control over property exceeding $300 in value?

(2) Did the district court correctly rule that Vandenacre's offer to stipulate to some elements of the grand theft charge did not preclude an officer's testimony relating to his fingerprint investigation?

(3) Was Vandenacre prejudiced by the prosecution's improper question about prior felonies so as to entitle Vandenacre to a new trial?

(4) Has Vandenacre showed the presence of cumulative errors?

## III.

## DISCUSSION

### A. The Value Issue Relative to the Grand Theft Charge.

The grand theft charge was based upon the theft of a stereo from a home. Since Vandenacre did not deny that he wrongfully took, obtained or withheld the stereo system from the owner, and indeed admitted in his testimony that he had wrongfully taken the stereo system with the intent to sell the same, the only factual issue at trial regarding the grand theft charge was whether or not, at the time of the theft, the purloined stereo system had a value in excess of $300. *See* I.C. §§ 18–2403, 18–2407(1)(b)(1).[1] Vandenacre contends that he was not guilty of *grand* theft, but at most, the evidence would only support a finding of *petit* theft, a misdemeanor, I.C. § 18–2407(2).

The state called two witnesses to testify as to the value of the stereo system at the time of its theft, one of whom was the owner of the stereo system. Over the objection of the defense as to lack of foundation, the owner opined that at the time of the theft the stereo system had a fair market value of $850. She predicated such opinion upon her understanding of the phrase "fair market value," her opportunities to speak with people who sell similar new and used stereo systems and to her familiarity with the sale price of such systems.

The other witness called by the state to testify, *inter alia,* as to the value of the stereo system was a Kootenai County deputy sheriff. On direct examination the deputy was asked several questions for the purpose of laying a foundation to elicit his opinion as to the value. When the state asked the deputy to render his opinion, Vandenacre objected upon the grounds of lack of foundation, and the trial court sustained the objection. Immediately thereafter the state asked the following question and the deputy gave the following answer:

> Q: Sergeant, if the victim, the owner of these three components, were to want to sell these three components February 27th of 1995, what would you pay for them?
>
> A: Seven, eight hundred dollars.

Vandenacre did not object to the question nor did he move to strike the deputy's answer. Having failed to do so, such testimony was properly before the jurors for their consideration and to give it such weight as they deemed appropriate. Standing alone, however, such evidence may very well have been insufficient to support a verdict finding Vandenacre guilty of *grand* theft.

Vandenacre called only one witness, who described herself as a private investigator, to testify as to the market value of the stolen property. She opined that the market value of the stereo system was $225.

Vandenacre contends that the state failed to produce substantial, competent evidence from which a rational trier of fact could find that the value of the property which he had admittedly stolen had a value in excess of $300. We reject such contention.

■■■ We initially note that under I.R.E. 701, a trial court may allow a lay witness to state an opinion about a matter of fact within her knowledge, so long as two conditions are met: (1) the witness's opinion must be based on her perception, and (2) the opinion must be helpful to a clear understanding of the witness's testimony or a determination of a fact in issue. *State v. Missamore,* 119 Idaho 27, 32, 803 P.2d 528, 533 (1990). The admissibility of such testimony turns upon its underlying factual basis, not the fact that it is in the form of an opinion. *Id.* Admissibility of opinion testimony is discretionary with the trial court, and absent an abuse of discretion, the decision to admit opinion evidence will not be disturbed on appeal. *State v. Enyeart,* 123 Idaho 452, 454, 849 P.2d 125, 127 (Ct.App.1993).

■■■ Also, it is settled in Idaho that, in civil actions, the owner of property is competent to testify as to its market value without qualifying the owner as an expert witness.

---

1. In order to find a defendant guilty of *grand* theft, the state bears the burden of proving beyond a reasonable doubt that, *inter alia,* the property wrongfully taken had a value in excess of three hundred dollars ($300). *I.C. 18-2407(1)(b)(1).*

*Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.,* 127 Idaho 41, 43, 896 P.2d 949, 951 (1995); *Howes v. Curtis,* 104 Idaho 563, 568, 661 P.2d 729, 734 (1983); *McFarland v. Joint School District No. 365 in Elmore and Owyhee Counties,* 108 Idaho 519, 522, 700 P.2d 141, 144 (Ct.App.1985). Idaho courts, we believe, should apply the same rule in criminal proceedings, as other jurisdictions have. *See State v. Hughes,* 130 Idaho 698, 704 n. 1, 946 P.2d 1338, 1344 n. 1 (Ct.App.1997) and cases cited therein. In the present case, however, Vandenacre does not argue that the owner of the stereo system should not have been permitted to testify as to her opinion concerning value. Likewise, he does not suggest that the trial court erred in admitting the deputy sheriff's answer that the latter would pay seven or eight hundred dollars for the stereo system. He merely contends that such testimony fails to meet the substantial, competent evidence requirement necessary to support the grand theft verdict.

The applicable standard of review we apply in determining whether there is substantial evidence to support the jury's verdict finding Vandenacre guilty of grand theft is not disputed. Where there is substantial, competent evidence to support a jury verdict, it will not be disturbed on appeal. *State v. Clayton,* 101 Idaho 15, 607 P.2d 1069 (1980); *State v. Whiteley,* 124 Idaho 261, 858 P.2d 800 (Ct.App.1993). Also, a conviction will not set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Boag,* 118 Idaho 944, 947, 801 P.2d 1295, 1298 (Ct.App.1990), citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court will not substitute its view for those of the jury, and the jury is entitled to draw reasonable, justifiable inferences from the evidence. *State v. Reyes,* 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct.App.1992).

Furthermore, when a defendant stands convicted, the evidence will be viewed on appeal in the light most favorable to the prosecution. *State v. Fenley,* 103 Idaho 199, 646 P.2d 441 (Ct.App.1982). *See also State v. Boag, supra.* When we review the record to determine whether substantial evidence exists we are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App. 1983); *Fenley, supra; Boag, supra.*

■ Having reviewed all of the evidence placed before the jury by both the state and Vandenacre, we hold that there was substantial evidence upon which any rational trier of fact could have found that the fair market value of the stereo system exceeded $300 at the time of Vandenacre's admitted theft thereof.

**B. Vandenacre's Offer to Stipulate as to the Theft Vis-a-vis the State's Evidence Regarding It's Search for Fingerprints.**

Later in the trial, Edward Anderson, a patrol deputy employed by the Kootenai County Sheriff's Department, was called as a witness for the prosecution. The prosecutor was beginning to inquire of Deputy Anderson as to the fingerprint investigation of the victim's home when the defense objected:

> MR. LONG: Judge, I'm going to object to this line of questioning. I think it's irrelevant in light of the stipulation that we have offered to enter into. With all respect to the officer, I'm sure he did a fine investigation, but it seems irrelevant since we're willing to stipulate that my client took the stereo out of that trailer.
>
> THE COURT: Mr. Baughman?
>
> MR. BAUGHMAN: Your Honor, the State is attempting to show the intent to deprive.
>
> THE COURT: Well, just because you're stipulating to the facts doesn't mean the State isn't entitled to go ahead and prove their case, even though you're willing to stipulate to the issues. So, the objection will be overruled.

Deputy Anderson then testified that he conducted a fingerprint search of the doorway area and the area where the stereo had been located but was not able to locate any fingerprints.

Vandenacre argues that in allowing the deputy sheriff to testify over Vandenacre's objection as to the results of the fingerprint search, "The trial court's error here is plain." He asserts that by allowing the state to go forward with "irrelevant and prejudicial matters," the trial court "wasted the jury's time" and inflamed the fact finders. Vandenacre contends that under the "plead out" concept he may offer to stipulate as to a fact or facts which the state would otherwise be required to prove beyond a reasonable doubt. He argues that if he does offer to so stipulate, the state should be precluded from introducing evidence of facts as to which the defendant has offered to stipulate. Since he did offer to admit that he "took the stereo out of the trailer," Vandenacre argues that the trial court erred or abused its discretion in permitting the state, over his objection, to introduce, through a deputy sheriff, the results of the deputy's "fingerprint search" of the premises from which the stereo system had been stolen. Vandenacre directs our attention to Professor Edward J. Imwinkelreid's article entitled *The Right to "Plead Out" Issues and Block the Admission of Prejudicial Evidence: The Differential Treatment of Civil Litigants and the Criminal Accused as a Denial of Equal Protection*, 40 Emory L.J. 341 (1991). This is the only authority he presents in support of his argument that his offered stipulation that he "took" the stereo system should have precluded admission of the state's evidence of the fingerprinting investigation.

■ We are persuaded that if there was any error by the trial court in overruling Vandenacre's objection to the fingerprint testimony, such error was harmless. To hold an error harmless, an appellate court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that the evidence complained of contributed to the conviction. *State v. Sharp*, 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980); *Missamore*, 119 Idaho at 32, 803 P.2d at 533. Evidence that there were no fingerprints found is such that there is no reasonable possibility that the lack of fingerprints contributed to Vandenacre's conviction for grand theft and, indeed, in our view such evidence is clearly more exculpatory than incriminatory.

## C. The Prosecution's Improper Question

Vandenacre also seeks reversal of the judgments of conviction on the grounds of prosecutorial misconduct. He predicates his argument upon the following dialogue between the trial judge, the defense attorney and the prosecutor conducted during cross-examination of Vandenacre and in the presence of the jurors:

Q [by the prosecutor]: Mr. Vandenacre, have you ever been convicted of a felony?

[Defense attorney]: Your Honor, I'm going to object, and request that this be taken up outside the presence of the jury.

THE COURT: Ladies and gentlemen, I remind you not to discuss this matter among yourselves, not to form or express any opinions on this matter. If you'd like to retire to the jury room, we'll take this up. We'll probably take a brief recess after we take this up.

Thereupon the jury exited the courtroom and argument was heard. After it was pointed out that the prosecutor had not complied with the Idaho Rule of Evidence 609 requirement that the relevancy of a prior felony conviction be determined in a hearing outside the presence of the jury, the prosecutor withdrew the question. Prior to returning the jury to the courtroom the following colloquy transpired between the court and Vandenacre's trial counsel:

THE COURT: Is the withdrawal of the question sufficient in your mind or—

[VANDENACRE'S COUNSEL]: Your Honor, I think the jury should be admonished to disregard the question as well.

THE COURT: Okay. Anything else we need to take up before we bring the jury in?

[VANDENACRE'S COUNSEL]: I don't believe so.

THE COURT: Go ahead and bring the jury in.

After the jurors returned to the courtroom, the trial judge admonished the jury in the following words: "The objection will be sustained. The jury is admonished to disregard the last question by the prosecuting

attorney, as all questions are not evidence but that particular question should be disregarded." Thereupon, the prosecuting attorney briefly resumed his cross examination of Vandenacre. At no time did Vandenacre move for a mistrial.

Vandenacre argues on appeal that the state's question propounded to him as to whether he "had ever been convicted of a felony" constituted "such egregious disregard of the rules of evidence" as would warrant a reversal of the conviction. He cites *State v. Reynolds,* 120 Idaho 445, 449, 816 P.2d 1002, 1006 (Ct.App.1991), and *State v. Robinson,* 115 Idaho 800, 807, 770 P.2d 809, 816 (Ct. App.1989), for the ineluctable proposition that the prosecution has, *inter alia,* the duty of seeing that justice is done and that every criminal defendant is accorded a fair trial. Not surprisingly we agree with such proposition.

We are guided by the Idaho Supreme Court's holding in *State v. Owens,* 101 Idaho 632, 619 P.2d 787 (1979), wherein the court was called upon to determine whether the district court erred in denying a motion for mistrial on the premise that "prejudicial inferences against [the defendant] were planted when the prosecutor asked one of the defendant's witnesses ... whether he had ever stolen any cattle while working for the defendant." This question was not answered. *Id.* at 639, 619 P.2d at 794. The *Owens* court explained:

> The trial court is in the best position to judge the prejudicial effect caused by an improper but unanswered question. Our prior cases have held that it must be presumed that a jury obeyed the trial court's instructions to disregard an improper question and to avoid speculation as to what the witness might have answered if permitted to do so. *See State v. Rolfe,* 92 Idaho 467, 444 P.2d 428 (1968); *State v. Urie,* 92 Idaho 71, 437 P.2d 24 (1968). A motion for mistrial is directed to the trial court's sound discretion and the court's ruling thereon will not be disturbed unless it is shown that the trial court abused its discretion and that, as a result, the defendant's rights were prejudiced. Where the witness

was not allowed to answer the question and where the trial court, expressing its belief that an instruction would be sufficient to correct any prejudicial inferences which may have resulted from the question, instructed the jury to disregard the question, we do not find that the trial court's denial of defendant's motion for a mistrial constituted an abuse of its discretion.

*Id.* (citations omitted).

Unlike the defendant in *Owens,* Vandenacre did not at any time move for a mistrial. It appears that defense counsel was satisfied with the admonition given the jurors by the court; indeed, Vandenacre requested that such instruction be given. The question before us is whether the posing of such unanswered questions by the state constituted prosecutorial misconduct and therefore prejudiced Vandenacre's right to a fair trial.

Vandenacre's appellate briefs have accurately characterized the standard of review applicable in cases involving the erroneous *admission* of evidence such as in *State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981), or involving the admission of tainted evidence such as in *State v. Hoisington,* 104 Idaho 153, 657 P.2d 17 (1983), and their respective progeny. In cases like *LePage* and *Hoisington,* any alleged error in the admission of evidence is harmless if the appellate court is "convinced beyond a reasonable doubt that the same result would have been reached had the evidence been properly excluded." *LePage,* 102 Idaho at 396, 630 P.2d at 683.

■ However, *LePage* and *Hoisington* do not deal with situations in which, as here, an improper question was asked a witness and no answer was supplied by the witness. In other words no tainted or other inadmissible evidence was presented to the jury as the result of the state's admittedly improper question.

We believe the fundamental rationale of the Idaho Supreme Court articulated in *Owens* applies here. We adhere to the long standing principle "that it must be presumed that a jury obeyed the trial court's instructions to disregard an improper question and to avoid speculation as to what the witness

might have answered if permitted to do so." *Owens,* 101 Idaho at 639, 619 P.2d at 794. We reject Vandenacre's contention that he was deprived of his right to a fair trial due to the ill-advised and unanswered question propounded by the state.

### D. The Cumulative Error Issue

Vandenacre seeks reversal of the grand theft conviction under the "cumulative error" doctrine. The doctrine is predicated upon the proposition that "an accumulation of irregularities, each of which in itself might be harmless, may in the aggregate show the absence of a fair trial." *State v. Campbell,* 104 Idaho 705, 719, 662 P.2d 1149, 1163 (Ct. App.1983).

In addressing Vandenacre's issues on appeal we have assumed error in the admission of the fingerprint investigation evidence and recognized that the prosecutor's question regarding Vandenacre's prior felony convictions was improper. We have concluded that neither of these errors was prejudicial to Vandenacre. Even taking these irregularities in the aggregate, we are convinced that Vandenacre's right to a fair trial was not infringed. We conclude that Vandenacre has shown no basis for the reversal of his judgment of conviction.

### IV.

### CONCLUSION

The judgments convicting Vandenacre of grand theft, malicious injury to property and driving without privileges are affirmed.

LANSING, C.J., and PERRY, J., concur.