981 P.2d 748

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dawn LESLEY, Defendant–Appellant.**

No. 24487.

Court of Appeals of Idaho.

March 1, 1999.

Rehearing Denied May 5, 1999.

Review Denied Aug. 3, 1999.

Vernon K. Smith Jr., Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent. Kimberly A. Coster argued.

LANSING, Judge.

Dawn Michelle Lesley was found guilty of driving under the influence of intoxicating substances (DUI) and possession of marijuana. On appeal, she claims that the trial court erred in admitting certain evidence, including the alleged marijuana, that the jury was not adequately instructed on the DUI charge, and that there was insufficient evidence to support the jury's verdict on the DUI offense.

## FACTS AND PROCEDURAL BACKGROUND

In October 1996 Lesley was involved in a motor vehicle accident. The police responded to the accident scene, where the investigating officer smelled alcohol on Lesley's breath. Lesley admitted consuming one-half of a margarita when she got off work at a nearby bar, but denied using any drugs that evening. The officer decided to call a Selective Traffic Enforcement Program officer to administer field sobriety tests. Lesley passed several of the tests, including the horizontal gaze nystagmus and "one leg stand" tests. She failed the "straight line" test because she lost her balance on one step and did not turn properly at the end of the test. The officer elected to place Lesley under arrest for DUI. Incident to the arrest, the police searched Lesley's vehicle. In her purse they found a package of cigarette papers and a green, leafy substance alleged to be marijuana.

Lesley submitted to a breath test at the police station which yielded alcohol concentration readings of .01 and .00. A certified police drug recognition expert administered a number of additional examinations to determine whether Lesley had been driving under the influence of drugs. Lesley passed several of these tests and failed others. The officer administering the exam concluded that Lesley was under the influence of marijuana, alcohol, and a central nervous system (CNS) stimulant such as amphetamine or methamphetamine. Further, the officer concluded that Lesley was impaired and could not operate a vehicle safely. A urine sample was taken which, on subsequent testing, revealed the presence of marijuana and a CNS stimulant.

Lesley was charged with misdemeanor driving under the influence of intoxicating substances, Idaho Code § 18–8004, and with possession of marijuana, I.C. § 37–2732. A jury found Lesley guilty as charged, and judgment was entered in the magistrate division. Lesley appealed the conviction to the district court, which affirmed the judgment. Lesley now pursues the appeal to this Court. She asserts that evidence found in her car should have been suppressed as the product of an unlawful search, that there was inadequate foundation for admission of the container of marijuana, that the district court incorrectly rejected a jury instruction requested by Lesley, and that the evidence was insufficient to support the verdict on the DUI charge.

## ANALYSIS

### A. Automobile Search

Lesley first asserts that the package of marijuana and cigarette papers should

have been suppressed because the search of her automobile was not a lawful search incident to arrest under the United States and Idaho Constitutions. However, we will not address this issue because Lesley did not raise it in her intermediate appeal to the district court. This Court will not review an issue that has not been raised and preserved before the district court, serving in its capacity as an intermediate appellate court. *State v. Bailey,* 117 Idaho 941, 943, 792 P.2d 966, 968 (Ct.App.1990).

## B. Foundation for Admission of Marijuana

Lesley next contends that the substance found in her purse that was alleged to be marijuana should have been excluded from evidence for lack of foundation because the State presented no evidence of laboratory tests identifying the substance as marijuana.

■ Lesley did not make this foundational objection at trial. The specific objection made by Lesley's counsel when the exhibit was offered into evidence was, "Given the foundation thus far, Judge, I'm going to object to the introduction of this evidence based upon the *Foster* [1] case, the requirement they have to establish if it's a search incident to an arrest." Although counsel used the word "foundation," the remainder of his objection, together with the *voir dire* of the witness in aid of the objection that preceded it, make it clear that the basis of the objection was a claim that the exhibit was the product of an illegal search; the objection did not challenge the foundation with respect to identification of the substance. Therefore, the issue now asserted by Lesley has not been preserved for appeal. Idaho Rule of Evidence 103(a)(1); *State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989).

## C. Jury Instructions

Lesley next claims that the magistrate erred in refusing to give a jury instruction that she requested. Lesley asked for an instruction based upon Idaho Code § 18–8004(2) and (3). At the time of Lesley's arrest, § 18–8004(2) provided that: "Any

person having an alcohol concentration of less than 0.10 . . . as shown by analysis of his blood, urine or breath, . . . shall not be prosecuted for driving under the influence of alcohol, except as provided subsection 3. . . . " Section 18–8004(3) further provided: "If the results of the test requested by a police officer show a person's alcohol concentration of less than 0.10, . . . such fact may be considered with other competent evidence of drug use other than alcohol in determining the guilt or innocence of the defendant." Lesley argues that by refusing to give the requested instruction, the court "allowed the jury to speculate, and not limit its analysis to *competent evidence.*" (Emphasis in original.)

■ The question whether the jury was properly instructed is a question of law, over which we exercise free review. *State v. Jones,* 125 Idaho 477, 489, 873 P.2d 122, 134 (1994); *State v. Carsner,* 126 Idaho 911, 914, 894 P.2d 144, 147 (Ct.App.1995). A defendant's requested instruction need not be given if the subject matter was adequately covered by other instructions. *State v. Babb,* 125 Idaho 934, 941, 877 P.2d 905, 912 (1994); *State v. Eastman,* 122 Idaho 87, 89, 831 P.2d 555, 557 (1992).

We find that the instructions given by the magistrate here accurately informed the jury of the legal principles applicable to their consideration of the evidence. The court specifically instructed the jurors as follows regarding their obligation to base their decision solely upon the evidence admitted at trial:

> You are to decide the facts from all the evidence presented in the case. The evidence that you are to consider consists of:
>
> (1) sworn testimony of witnesses;
>
> (2) exhibits which have been admitted into evidence; and
>
> (3) any facts to which the parties have stipulated.
>
> Certain things that you have heard or seen are *not evidence including:*
>
> (1) arguments or statements by lawyers. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and

1. Defense counsel was referring to *State v. Foster,* 127 Idaho 723, 905 P.2d 1032 (Ct.App.1995).

at other times are included to help you interpret the evidence, but is not evidence. If the facts as you remember them differ from the way that the lawyers have stated them, follow your memory.

(2) testimony that has been excluded or stricken or which you have been instructed to disregard.

(3) anything that you may have seen or heard when the court was not in session.

■ This instruction correctly and adequately informed the jury that its decision must be based solely upon the trial evidence (which evidence had been determined by the court to be competent, or it would not have been admitted). Lesley's argument that in the absence of her requested instruction, the jury was allowed to base its decision on something other than competent evidence is without merit. The district court did not err in refusing to give Lesley's requested instruction.

■ The dissenting opinion expresses the view that the jury instructions setting out the elements of the offense which the State must prove are inconsistent and erroneous. We, however, believe it inappropriate to address that issue because it was not raised by Lesley as an issue on appeal. Her argument regarding the jury instructions challenges only the trial court's refusal to give an instruction requested by Lesley; the appellant's brief nowhere argues that the instructions referenced in the dissenting opinion were inconsistent or incorrect in themselves. Accordingly, we decline to address the issue discussed in the dissenting opinion.

**D. Sufficiency of Evidence to Support the DUI Verdict**

Lesley's argument that the evidence was insufficient to support the jury's finding of guilt on the DUI charge has two parts. First, she asserts that the State must prove what quantity of illegal drugs must be present in a person's bloodstream before the ability to drive will be impeded, and that the State must also prove that such quantity was present in Lesley's blood. Second, she asserts that the overall evidence was insufficient to show that she was impaired by a combination of drugs and alcohol to such an extent that she was incapable of safely operating a motor vehicle.

**1. Quantification**

■ Lesley's claim that Idaho Code § 18–8004 requires the prosecution to quantify the amount of drugs in a defendant's system as an element of proof of a DUI charge is without any support in the law. Idaho Code § 18–8004 does not require that a driver have a certain quantity of drugs in his or her system in order to be guilty of driving under the influence. That section, as in effect at the time of Lesley's offense, made it a crime for a person to drive or be in actual physical control of the motor vehicle if the person "is under the influence of any . . . drug or any combination of alcohol and any drug to a degree which renders him incapable of safely driving a motor vehicle." I.C. § 18–8004(5) (1994). A violation turns upon the effect that the drugs or combination of drugs and alcohol have on the individual's ability to safely operate a vehicle, not upon any quantification of the amount of a drug in the bloodstream. Defining the elements of a criminal offense is entrusted to the legislature. *Matthews v. State,* 122 Idaho 801, 805, 839 P.2d 1215, 1219 (1992); *Malloroy v. State,* 91 Idaho 914, 915, 435 P.2d 254, 255 (1967); *State v. Rogerson,* 132 Idaho 53, 56, 966 P.2d 53, 56 (Ct.App.1998). Because the statute does not require quantification, there is no merit in Lesley's argument that her conviction should be overturned because of the State's failure to establish the quantity of drugs in her system.

**2. Sufficiency of evidence of inability to drive safely**

Finally, we consider Lesley's argument that the evidence was insufficient to show that she was rendered incapable of driving safely due to the effect of drugs and alcohol. Where there is substantial, competent evidence to support a jury verdict, that verdict will not be disturbed on appeal. *State v. Vandenacre,* 131 Idaho 507, 510, 960 P.2d 190, 193 (Ct.App.1998); *State v. Nelson,* 131

Idaho 210, 219, 953 P.2d 650, 659 (Ct.App. 1998), *cert. denied, Nelson v. Idaho,* 525 U.S. 1043, 119 S.Ct. 596, 142 L.Ed.2d 538 (1998); *State v. Whiteley,* 124 Idaho 261, 858 P.2d 800 (Ct.App.1993). A reviewing court must not substitute its view for that of the jury as to issues of credibility, the weight given to testimony, or the reasonable inferences to be drawn from the evidence. *State v. Reyes,* 121 Idaho 570, 572, 826 P.2d 919, 921 (Ct. App.1992); *State v. Knutson,* 121 Idaho 101, 822 P.2d 998 (Ct.App.1991). On appeal, evidence is viewed in the light most favorable to the State. *Id.*

█ The evidence in this case is sufficient to support the jury's verdict. The State presented the testimony of three persons who were riding in the other vehicle that was involved in the accident with Lesley. They testified that as their vehicle was traveling eastbound on Fairview Avenue in Boise, a large four-wheel drive truck suddenly pulled out onto Fairview and stopped in the traffic lane. The driver of the first vehicle was unable to stop in time and collided with the truck, which was operated by Lesley. The State also called several police officers, one of whom testified that he smelled alcohol on Lesley's breath and that she was excitable and jumpy at the scene of the accident. An officer also testified about Lesley's performance of field sobriety tests, the results of which led him to believe that she was under the influence of alcohol or a combination of drugs and alcohol. A drug recognition expert testified that after Lesley's arrest he performed an evaluation that included discussions with the arresting officers, eye and physical examinations of Lesley, field sobriety tests, blood pressure readings, an observation period, and a final interrogation. The eye exam showed that Lesley's pupils did not properly converge, which is indicative of drug use. During the field sobriety test, Lesley improperly performed the "walk and turn" test and the "finger to nose" test. When physically examined Lesley exhibited leg tremors, eyelid fluttering, high blood pressure, and distinct injection marks on her arms. In her conversation with the officer, Lesley admitted to using marijuana the night before her arrest but denied using methamphetamine. The drug recognition expert testified that, in his opinion, Lesley was under the influence of marijuana and a central nervous system stimulant, and that she was not able to drive an automobile safely. A subsequent urinanalysis revealed THC, a chemical signature for marijuana, and a CNS stimulant in Lesley's system.

Lesley offered alternative reasons for the findings made by the drug recognition expert, including explanations for some of her problems in the field sobriety tests and other potential causes for the physical manifestations noted by the expert. The jury, however, did not accept Lesley's characterization of the events and test results. It is for the jury, and not this appellate court, to decide such issues of credibility. *Reyes,* 121 Idaho at 572, 826 P.2d at 921. Although the evidence against Lesley is not overwhelming, there is substantial, competent evidence to support the jury verdict. The evidence of Lesley's driving behavior, combined with the testimony of the officers regarding her impairment, and the results of the urinanalysis, provided an ample evidentiary basis for the verdict.

## CONCLUSION

For the aforementioned reasons, the appellate decision of the district court, affirming the judgment of conviction in the magistrate division, is affirmed.

Chief Judge PERRY concurs.

Judge SCHWARTZMAN, dissenting.

I dissent from that portion of the majority decision which asserts that the jury was properly instructed in "the legal principles applicable to their consideration of the evidence." Unfortunately, the jury was not so properly instructed; and perhaps more unfortunately, counsel for Lesley did not adequately focus upon the crux of my concern in the briefing and argument. Nevertheless, I think that counsel came *close enough* [1] to raise the issue for this Court's consideration.

---

1. In his brief, counsel for defendant raised the following argument:

In a nutshell, Lesley was prosecuted under Idaho Code section 18–8004(5) which *then* stated in pertinent part: "It is unlawful for any person who is under the influence of any combination of alcohol and any drug to a degree which *renders him incapable of safely driving* a motor vehicle, to drive or be in actual physical control of a motor vehicle within this state."[2] Emphasis added. Instruction Number 10, given by the court to the jury and listing those material elements of the offense that need to be proved beyond a reasonable doubt, requires that the defendant be "under the influence of an intoxicating substance or under the influence of a combination of alcohol or any drug or non-narcotic drug to a degree which *renders the defendant incapable of safely operating a motor vehicle."* Emphasis added. Instruction No. 13, however, reads as follows: "To prove that someone was under the influence of alcohol or narcotic drugs or intoxicating substances it is not necessary that any particular degree or state of intoxication be shown. The State need only show that the defendant had consumed *sufficient* alcohol or had used enough of the narcotic drug or an intoxicating substance *to influence or affect*

the defendant's ability to drive the motor vehicle." Emphasis added.

It is abundantly clear, and quite beyond cavil, that these two instructions are inherently conflicting, contradictory and inconsistent. The standard of proof—to a degree which renders one incapable of safely operating a motor vehicle—is certainly quantitatively higher than one which merely requires a sufficiency to influence or affect one's ability to drive a motor vehicle. This conflict and inconsistency is further compounded by the fact that the jury sent a note to the court which read: "Please give us a definition of *sufficient* as used in Instruction No. 13." The trial court declined to give any further definition.

"When contradictory instructions are given to a jury on a material issue, the error is prejudicial. A contradictory statement of the law in one part of the instructions cannot be cured by reference to a correct statement of the law in another." *State v. Andrus,* 118 Idaho 711, 716, 800 P.2d 107, 112 (Ct.App. 1990). The *Andrus* decision, on a similar DUI instruction issue, *mandates* reversal in this case. The inconsistency and contradictory nature of the two instructions given here are far more compelling and egregious than

---

The jury was confused by Instruction 13 and the evidence presented, and sent a note to the Court, requesting further Instructions. The jury note stated:

Please give us a *definition* of *sufficient* as used in Instruction No. 13.

Instruction No. 13 reads:

To prove that someone was under the influence of alcohol or narcotic drugs or intoxicating substance, it is not necessary that any particular degree or state of intoxication be shown. The State need only to show that the Defendant had consumed *sufficient alcohol or had used enough of a narcotic drug or intoxicating substance to influence or affect the Defendant's ability to drive the motor vehicle.*

Clearly, Instruction 13 begets need for some aspect of quantification, and there must be some backdrop upon which a jury can judge the meaning and need of *sufficient,* in light of "other competent evidence" as intended by Idaho law.

. . . .

The Lower Court (Magistrate) merely felt Instruction 10 and 13 gave the jury *sufficient* focus on the law and would allow the jury to make a decision based upon the facts presented, so the

Court declined to give the additional instruction of the statutory language requested.

Instruction 10 and 13, standing alone merely beg the question in themselves and read in context with the other Instruction provides no answer to their concern to find *sufficient* alcohol, or had *enough* drug or intoxicating substance, to *influence* or *affect* the *ability to drive,* or *influence* that *ability* to *a degree to render Defendant incapable of safely operating a vehicle.*

. . . .

The law is clear the mere presence of alcohol or a drug substance is not sufficient, in itself to support a finding of guilt under existing DUI laws. It requires competent evidence to show a *sufficiency;* it requires the *use of enough;* and neither "sufficiency" or "enough" was demonstrated in this case let alone any opinion given on such drug presence to be a sufficiency or enough for a finding of influence or impairment.

**2.** Subsection (5) of the statute has since been amended to delete the language "renders him incapable of safely driving" and replaced with *"impairs the driver's ability to safely operate . . ."* 1997 Session Laws, ch. 307, 913.

in *Andrus.* Accordingly, I respectfully dissent.[3]

3. Defendant Lesley is now left with two unenviable options: she must either serve the 180–day jail sentence (the maximum) imposed for the DUI or file a Post–Conviction Act petition for ineffective assistance of counsel and hope for some relief through this procedural mechanism.