Judge Pro Tern SCHWARTZMAN,
specially concurring.
I concur in the opinion of this Court despite the fact that I feel the conventional application of harmless error standards would not necessarily mandate reversal. This case represents yet another in a long line or pattern of repetitious misconduct from this prosecutorial office. A catalogue of cases in which the doctrine of “harmless error” has reared its head and saved the conviction on appeal creates a less than enviable appellate track record. See State v. Vandenacre, 131 Idaho 507, 960 P.2d 190 (Ct.App.1998); State v. Brown, 131 Idaho 61, 951 P.2d 1288 (Ct.App.1998); State v. Lovelass, 133 Idaho 160, 983 P.2d 233 (Ct.App.1999); State v. Cortez, 135 Idaho 561, 21 P.3d 498 (Ct.App.2001); State v. Kuhn, 139 Idaho 710, 85 P.3d 1109 (Ct.App.2003). Two unpublished opinions also come readily to mind: State v. Blythe, Docket No. 25557, 135 Idaho 493, 20 P.3d 29, 2000 WL 1344686 (Ct.App. April 7, 2000), and State v. Gadberry, Docket No. 26604/26605 (Ct.App. Sept. 26, 2001). As our own Supreme Court has noted in State v. Guzman, 122 Idaho 981, 984 n. 1, 842 P.2d 660, 663 n. 1 (1992):
Mistakes must not become the practice instead of the exception. A court on observing that a pattern of mistakes has developed, on seeing yet another “mistake,” might readily decide to view such circumstance with a jaundiced eye, and rule accordingly.
Accordingly, I too vote to overturn this conviction.